Welcome. This is the first division of the first district appellate court. And we were here for oral argument in the case of the people of the state of Illinois versus Joseph Pierce 1-19-2378. My name is Terrence Lavin. I will be presiding today along with my two colleagues, Justice Aurelia Paczynski, who is going to participate via voice only today. And my other colleague, Justice Mary Ellen Coghlan. So you guys know the drill. We're looking for like 15 minutes a piece. Appellants save some time for rebuttal. If we unduly burden you with questions, we might give you some more time, but we're very familiar with the briefs and the record, and we're ready to hear from the appellant. Samuel Steinberg Thank you. May it please the court. My name is Samuel Steinberg and I represent Joseph Pierce. I'll ask for three minutes of rebuttal. Okay. In this direct appeal, Joseph Pierce appeals his convictions for aggravated domestic battery with strangulation and criminal damage to property, we'll say over $500. We raised three issues in our brief. I plan on focusing primarily on issues one and three. However, I am prepared to discuss issue two as well. In issue one, we argue that his trial counsel was ineffective for failing to contest the state's admission of an eavesdropping recording for Ms. Pate and that the fear of crime exception did not apply. On page 21 of our opening brief, we expressly argue that Pate served typically recorded a private conversation between her, Pierce's mother, and Pierce. While the state argues that the first, while the state argues that this became a loud argument, very loud in the apartment building, there's no dispute that for the first three minutes of this recording, it's in a private apartment building, just inside and outside of private residence of a private conversation. The cell phone, her personal Android phone is in her pocket. This is eavesdropping. The state relies on the so-called fear of crime exception. And while both are briefs referred to it as a fear of crime exception, and so does case law, it should really be called the reasonable suspicion of criminal activity exemption. The statute uses a term, reasonable suspicion. It's a term of art. General assembly knew what that meant. Now she has asked specifically two times during trial on page 149 of the record, Pate has asked, why is she press recording? She said, I just have a weird feeling. That's by state prosecutors. Later on, on pages one- But counsel, isn't that weird feeling? Don't you have to consider that in the context of the prior relationship and the prior abuse? Your honor, did she testify it occurred in this case? She testified that it occurred in the case. However, her excited utterance statements refute that testimony as well. She expressed- But isn't that a credibility call that is, you know, for the trier effect? This is not just a credibility call. The state argued in their motion of limine that her statements on the recording were admissible under excessive evidence. Her excited utterance statements, because she did not have time for fabrication, did not have time for reflection. Her statement saying, I've never been attacked like this. If I would have known this would have happened, I would have called police. I would have brought earnest there. They're throughout it. They directly refute it. And even if it is a credibility call, she testified that she didn't really have any specific reason for starting it. Pages 149, weird feeling. And again, on page, I think 178, 178, 179. I didn't feel like there would be a problem. And it was something about the vibe that made me press record. So even assuming that there is, it was a prior incident, a prior battery. She didn't feel like there would be a- Her expressed words is, I didn't feel like there would be a problem. They also dated. There was no signs of- Yes, there was an argument at outsider's work, but there's no sign that he would become violent. If this court were to accept the state's fear of crime exception, that would mean the fact that there was a domestic battery six months before this would give Ms. Pate heart unblocked to record every argument between them. If this was a police officer, just because there was one incident of domestic violence before, it doesn't give the police reasonable suspicion to monitor and eavesdrop. On, on Mr. Pierce himself and record every conversation. The fear of crime, except this case is very similar testimony that she's got a weird feeling. She didn't expect anything to happen. Something wasn't right. It's very similar to the witnesses in near struck who recorded a private conversation. There, the court, this court actually, Sue Esponte brought up the issue of that. There was a great possible possibility of creative error when those witnesses were told to record a conversation after a traffic accident. They testified that they didn't feel there was any harm to them, but they felt like they had to do it. They didn't expect criminal activity. And there, this court specifically, I think the second relied on their express testimony to find that the fear, the reasonable suspicion of criminal activity exemption did not exist. Importantly, it's reasonable suspicion. It's not just a general feeling of crime. And for that, if council had challenged that it would have been excluded. The main, the arguments that occurred inside the private residence would have been excluded from that. The remedy is spelled out in 14-5, and that's any evidence obtained in violation of this act is inadmissible. Council, it wasn't really inside a private residence. It was inside an apartment building, right? And there were presumably other tenants in the building, but there was also the mom and the mom heard this whole argument. So, I mean, it's not like they were in their own basement and no one else was around and he had an expectation of privacy in his own home. He was not even in his own home. He was outside of his home, his mother's home, and his mother's screaming at him, don't do that because she knows that she's going to lose her apartment if he causes trouble. So what privacy are we talking about? Before the screaming started happening, whether it's by the mother, Pei, or Pierce themselves, there's a violation of the eavesdropping statute because the first three minutes of the conversation is quiet. And not only does Pierce have an expectation of privacy, Pierce's mother has an expectation of privacy inside their apartment building. Whether it's in a little bit of the hallway, their conversations are not being recorded, or this is also her conversations taking place to her son in her apartment building prior to the yelling. The eavesdropping violation occurred when Miss Pei decided to record the conversation. That's what triggered it. And everything that follows is the fruit of the poisonous tree of that recording, Your And yes, the conversation became loud. And there's also a second recording where there is a conversation out in the parking lot as well, which might be a different analysis. But here, the main thrust of what the trial court relied upon took place during the apartment complex. The state, in its closing arguments 224, 225, 226, expressly relied upon what the trial court heard. There was conflicting testimony about how the argument occurred. Under Strickland analysis, since we're arguing ineffective assistance counsel, we have to show a reasonable probability that the trial would have been different. Here is a credibility contest. State relied upon it, and the court and its findings, whether it's 229, 230, the court found it spoke volumes. And during its ruling on motion for new trial, the court found that the testimony plus the testimony plus the audio, really focusing on the audio, made this case overwhelming. The court never found that, oh, without the audio, this case is a slam dunk. The court noted that there was conflicting testimony from Pierce and Ms. Pate. And yes, there's another witness. But the other witness who actually testified is an interested party in Ms. Pate as well. And he didn't see the entire argument. Notably, the statement is very emotional. The audio is very emotional. I will use a case, I cite to a case of Collins in my brief. Justice Kuczynski, are you trying to ask a question? I see it lit up. No. Okay, sorry. In discussing how audio and digital recordings speak volumes, Collins noted that a recording is a very powerful piece of evidence. Here, the recording, you hear sounds of hitting, you hear screaming. It undoubtedly would influence a fact finder's decision here, one way or the other. In this case, the trial court found it supported and corroborated it. There, without the recording, this case really boils down to a credibility contest between Ms. Pate and Mr. Pierce about whether, about how the argument occurred and whether he made contact with her. If there are no further questions on issue one. Okay, we'll hear from the. No, I will, I still have issues. Oh, next issue. Okay, yeah, go ahead. Yeah, sorry. No problem. Yeah, in issue three, we deal with the, issue three, we contest, regardless of how this court decides issue one. This court should order resentencing because the state failed to prove beyond a reasonable doubt the criminal damage, the class four felon had criminal damage to property and that the state failed to prove the damage to the phone was over $500 or market value. On this issue, after reading the state's brief and our briefs, the state and I seem to be in agreement that generally under the statute, if property could be repaired, there should be a repair bill, cost of repair should be the measurement. In the case of unrepairable property, the proper cost is, is market value at the time of the loss. We're also in agreement that after that for this March 16, 2017 crime, the state charges class four felony and said it only had to prove $300. We looked up the statute. We're all in agreement. The state actually had to prove $500 at trial. None of the parties noticed this error at trial. It is our argument that simply put without any touch, while she, while this nurse provide numbers for her work phone, that it was maybe worth $500, $600, that was insufficient because she provided no testimony regarding the condition, age of value, age, condition, memory status, whether it was a working condition. I have an iPhone 12 plus right now in my hand. It's market value. As soon as I open it, severely diminishes in value because it's electronic goods. The cases of DDD from Florida and other cases talks about diminishing returns on electronics. The state, I think I want to thank the state for supplementing the record with Homer. In that case, that shows how the state could have proven could have proven market value at the time of loss. In that case, yes, there was, there was a lot of items such as broken screen doors, drywall and a laptop. During that case, the prosecutor and elicited testimony regarding the age of the laptop and what was the purchase price when it was bought and even the condition. And even the court said there, well, the laptop between 340 is kind of sketch, but the court was able to find the totality of even all the stolen items was over $500. Here, we have no testimony. We have no, the prosecutor didn't ask Ms. Pate regarding any testimony regarding the condition type of phone. I don't know which model this is of iPhone. Also, the state cites to a few cases, whereas for the proposition opinion testimony of one of those sufficient knowledge of property and its value, the rest reasonable estimate is sufficient. However, those cases rely on Moore and Hardin. Moore's a 2021 real estate case about someone who has experience selling real estate. Hardin, the Illinois Supreme Court case from 1969, in that case was based on the testimony of a jeweler who had over 20 years of experience of dealing with jewelry. Here, Ms. Pate is a registered nurse. This is her work phone. The iPhone was her work phone, which 149, and she has an Android phone. Whether she bought the work phone is not in the record. We don't know whether she has sufficient knowledge of the current marketplace. This is a dispositive fact, not appropriate for judicial notice. State did not provide judicial notice in accordance with the rules of evidence below. Additionally, at the state's invitation to take judicial notice in their brief, yes, I used the Apple chart in my brief. Simply put, the state did not get the requisite testimony to challenge, to prove the value of the phone beyond a reasonable doubt. This case involved two felonies, and therefore, regardless of how this court may decide the first issue, resentencing is required. And if there is a new trial, then the state should be precluded from pursuing the class board felony. If there are no further questions. Nope, none here. I have none. Okay, let's hear from the Epley, please. Okay, may it please the court, counsel, assistant state's attorney, Susan Wobbekind, on behalf of the people of the state of Illinois. I will also focus on issues one and three, since that is what defendant did. So, as to the first issue, defendant has not met his burden under Strickland in establishing that counsel was ineffective. Counsel's decision regarding how to object to the recording's admission and whether to jump to it is entitled to a strong presumption of soundness that defendant has not overcome, because defendant has not shown that it was so irrational that no reasonably effective defense attorney in similar circumstances would pursue such a strategy. In fact, the trial court expressly told counsel that it would admit the recording unless counts, unless the people could not establish the foundation for it. Second, the recording didn't violate the eavesdropping statute because defendant did not have a reasonable expectation of privacy when the conversation occurred in the common areas of defendant's apartment building. And then it became so loud that it was clear that everyone could hear and even the victim's uncle said he heard the fight from outside and saw it from outside as well. But even so, the recording was also admissible pursuant to the fear of crime exemption, because the reasonable inference from Ms. Pate's testimony that she started to record because of the vibe when she entered the apartment building and that she had a weird feeling in her body is that based on her previous history with defendant and his behavior in the weeks prior to the incident, she felt afraid that he was going to become violent. And this suspicion was reasonable, as I said, based on Ms. Pate's prior history with defendant and his previous attack on her. Defendant says that Ms. Pate's recorded statements contradicted any finding that she was afraid that defendant was going to attack her. But those statements that she makes on the recording are made while she's in the shock of the moment and can be interpreted multiple ways and need to be evaluated based on the circumstances in which she found herself and in light of everything we knew about their relationship, including the prior documented incident where he choked her. And when you do that, the most reasonable interpretation of her statements isn't that she didn't mean is that she didn't mean them literally, but she meant them in relation to the situation and in relation to her relationship with defendant. And, you know, this is particularly underscored by the fact that after the attack happens, she says, I've never had anybody put their hands on me. Well, clearly, that's not true because he just attacked her and just put his hands around her neck. So clearly, it's not a literal interpretation that should be had here, but. But taken within the fact that she's exaggerating because she's shocked and surprised, and it's just what she's she's blurting out in the moment. But even so, if you see these statements as contradictory. Like we make her testimony incredible anyway, they go to the weight of the testimony and it was for the trial, the trial court to determine how any contradictions affected her credibility. This case is nothing like Nesterov in Nesterov that defendant quotes sites there, the person recorded a phone conversation and the trial court, the appellate court found. No, the fear of crime exemption didn't apply there because. Clearly, the person recording wasn't afraid that the defendant was going to do anything to them because they were on a telephone. They couldn't have been afraid they were separated by, you know, however far apart they were by the telephone and the trial. The appellate court also found in that converse that the testimony there established that the victim had recorded the conversation for investigation purposes, not because they were afraid that a crime was going to happen. Therefore, because the recording was admissible, defense counsel can't be found ineffective for failing to raise that meritless objection and defendant has not established that no reasonable defense attorney would have pursued the same strategy. And even if this court finds that that the recording was not admissible. The mistake and strategy or error does not alone render counsel's performance ineffective because counsel did not fail to conduct any meaningful adversarial testing. Instead, counsel vigorously challenged every aspect of the people's case, including objecting to this recording. And counsel's well-tailored argument rebuts defendant's assertion in his brief that counsel didn't know the law and was unfamiliar with the recording. Instead, established that counsel had read the law and had determined that the recording was admissible pursuant to the law and counsel's explanation to the court regarding the contents of the law of the recording also establishes that counsel did know what was on the recording and was well-versed in both the law and the recording. But even so, there's no prejudice here. As I said, the trial court expressly said it would have admitted this recording if the people could establish the foundation. So any further objection would have been overruled and the recording would have been admitted anyway. And the evidence against defendant was sufficient to convict him whether or not this recording was admissible, was admitted because Ms. Pate's testimony was consistent, credible, unimpeached, was corroborated by her uncle's testimony that he saw defendant with his hands around her neck. He heard the argument. There were photographs of the damaged bone. There were photographs of her injuries. And in contrast, defendant's version of events was completely uncorroborated. So there was no way that an objection would have had any effect on the admission of this reporting. Therefore, defendant met his burden under either prong or stripland. If there's no questions, I'll move on to the third issue. Please do. So as to the third issue, when we're viewing the evidence in the light most favorable to the prosecution, defendant has not shown that no rational trier of fact would have found beyond a reasonable doubt that defendant caused $500 worth of criminal damage to Ms. Pate's phone. The statute provides that the value of criminal damage caused by a defendant is an element of defense to be resolved by the trier of fact. There's no definitive requirement regarding how the trial, the trier of fact should do so, but that it should do so with a fair degree of probability. And here, Ms. Pate's recorded statement was that the phone cost $700. Her testimony was that the value of the phone was $500, $600. We know that the phone was inoperable after defendants stomped on it. And we saw the photographs of this damaged iPhone. And all this evidence suffice to establish within a fair degree of probability that the phone's fair market value was over $500. People v. Comer is important because there, the court found that the trial court properly considered the value and determined the value of the damaged property, hearing only witness testimony. So, yes, there was a little bit more testimony there as to the age of the items, and there were different items there. But what was important was that that was all the court had as here was the victims and other witness testimony as to the damage and the cost of the items at the time of purchase. As to defendant's argument that the trial court couldn't take judicial notice of the fact that the value was over $500, the trial court could take judicial notice that the value of the phone exceeded the statutory minimum, not of the exact value of the phone, but it can take judicial notice of the fact that it exceeds that minimum amount. Additionally, the trial court was free to use their own observations and experience to determine the value of the phone. So when you're looking at all the evidence in the light people, and there was no evidence to no evidence to say that the phone is paid testified to the people establish the value of the phone within a reasonable doubt. And if there's no questions, I'll rest on my brief and my arguments. Okay, let's hear some rebuttal. May please the court again on issue one, the state's argument that someone could just start recording in the middle of a private hallway in a private apartment building near the stoop of an apartment would give every violate the purposes of the anti eavesdropping statute would even allow police to just start the recordings of private conversations in an loud without a loud sound or loud stuff or loud commotion. This such a violation would would throw off the intent of the anti eavesdropping statute, as well as the intent of section one article of articles section six of article one of the Illinois Constitution which also prevent similar police eavesdropping. Simply put, when Pete started the recording. It was a private conversation between her is Pierce, and Mr Pierce. The yelling started three minutes into it, some of it's by paper is paid herself, but by the mother is trying to keep everything low to a volume, and by Mr. Mr. And by Mr Pierce, simply under the remedy of the anti eavesdropping statute, which is designed to prevent any is dropping from occurring in the first place. The entire recording should be inadmissible. Every act stems from that by allowing the evidence to come in. It would give miss paid or other people who violate the anti eavesdropping statute, a reward for their bad acts and committing a felony. With regard to issue three. The state never mentioned what type of iPhone this is. I can't figure that out. State doesn't know when it's purchased. The state decided to charge this as a class for felony. You could charge it. Similar crimes for that as a class for felony. These cases, the state has decided to accept the burden of proof, and prove that beyond a reasonable doubt, the defense does not have to disprove anything. It's not the defense's job to disprove anything. And the state to, we don't know what type of iPhone this is, what type of condition that was bought in. Simply put, for a class for felony. In this case, criminal damage to property and other cases. The evidence is insufficient to send someone for such a high amount. Therefore, it's all arguments, we ask that this court either reverse for a new trial, or for new sentencing hearing. Mr. Pierce's release date is currently set for December 29. So, we hope for a decision in the near future. Okay, on behalf of my colleagues, I'd like to thank both of you for your briefs and your presentations today, as usual. Very well done. We will take the matter under advisement. We are adjourned.